UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-24425-MD

ANTHONY BUSTO,

    **Plaintiff,**

v.

PROFESSIONAL PARKING
MANAGEMENT CORPORATION,

    **Defendant.**

## DEFENDANT'S REMOVAL STATUS REPORT

Pursuant to the Court's Order on Court Practice in Removal Cases (Dkt. 3), Defendant Professional Parking Management Corporation ("PPM"), hereby files its Removal Status Report, and states as follows:

**(1)  Statement of the Claim**

1. Between August 27, 2025 and September 11, 2025, Counsel for the Plaintiff filed 16 virtually identical cases, including the instant case, against PPM, in the County Courts in and for Miami-Dade (11 cases), Broward (4 cases), and Palm Beach County (2 cases) (the "Parking Cases"). *See* Dkt. 1-1.

2. Plaintiff, Anthony Busto ("Busto"), filed the removed case, *Anthony Busto v. Professional Parking Management Corporation*, Case No. 2025-139947-SP-23, in the Small Claims Division of the County Court of the Eleventh Judicial Circuit in and for Miami-Dade Country, Florida, on August 27, 2025. *See* Dkt. 1-2.

3. In the Parking Cases, all of the Plaintiffs' DPPA and FDCPA claims arise under a common set of circumstances and present the same theory of alleged injury. *See* Dkt. 1-4, 5-3 –

5-17, Statements of Claim. In this regard, all Plaintiffs allege that PPM, in seeking to collect a bill for the individual Plaintiff's failure to make payment for the use of a commercial parking lot, obtained records of their motor vehicle registration from the Florida Department of Transportation ("FDOT") in violation of the Drivers Privacy Protection Act of 1994 ("DPPA"), 18 U.S.C §§ 2721-2725, and issued the related notice of request for payment in violation of certain requirements of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. *Id.*

4. The Statements of Claim in each of the Parking Cases are identical verbatim repetitions, with the only differences being the name of the Plaintiff, the license plate information for their vehicle, the parking lot which they used without making payment, the dates related to the Plaintiff's failure to pay for use of a parking lot and the subsequently issued bill from PPM. *Id.* These differences in the allegations between the Plaintiffs' Statements of Claim do not change the nature or substance of the Plaintiffs' claims in any way material to their resolution. *Id.*

5. For their Statements of Claim, each of the Plaintiffs in the Parking Cases alleges two causes of action that both arise under the laws of the United States: (1) a claim that PPM has violated the DPPA and (2) a claim that PPM has violated the FDCPA. *See, e.g.*, Dkt. 1-4, Statement of Claim. Specifically, for the Plaintiffs' DPPA claims, Plaintiffs allege that because PPM could not be certain that the Plaintiff was the person driving their vehicle when it was parked without payment in the commercial lot at issue, PPM violated the DPPA by accessing the Plaintiff/owner's personal information from the FDOT. *See id.* at ¶¶ 61-63. For their FDCPA claims, the Plaintiffs allege that PPM is a debt collector and that because it is allegedly a debt collector it was required to provide the individual Plaintiffs with certain information under 15 U.S.C. § 1692g(a)(3)-(5) of the FDCPA, but PPM did not do so. *See id.* at ¶¶ 66-74. As to these two counts, Plaintiffs'

allegations are identical verbatim repetitions with no variation in the counts of each Statement of Claim. *See See* Dkt. 1-4, 5-3 – 5-17, Statements of Claim at ¶¶ 46-75.

6. For their DPPA claims, Plaintiffs request an award of actual damages "but not less than liquidated damages in the amount of $2,500 for each such violation" and attorney's fees and costs. *See* Dkt. 1-4 at ¶ 64. For their FDCPA claims, Plaintiffs request an award of statutory damages, actual damages, and attorney's fees and costs, under 15 U.S.C. § 1692k. *See id.* at ¶ 75.

**(2) Grounds for Removal**

7. As each of the Plaintiffs in their Statement of Claim alleges causes of action solely under the laws of the United States, PPM promptly and properly removed each of the Parking Cases to this District Court. *See* Dkt. 1-4, 5-3 – 5-17, Statements of Claim.

8. The Court has jurisdiction for this removed action as an action arising under the original jurisdiction of the district courts of the United States, pursuant to 28 U.S.C. §§ 1331 and 1441(a), because the causes of action asserted by Busto are claims under federal law, 18 U.S.C § 2724 and 15 U.S.C. § 1692k. *See* Dkt. 1-4.

9. The parties to this action are: Plaintiff Anthony Busto and Defendant Professional Parking Management Corporation. *See id.*

**(3) Pending Motions**

10. There were no motions pending in Florida state court at the time this case was removed.

11. There are two pending motions that have been filed in this action:

   (1) Defendant's Motion to Consolidate Actions and for Extension of Time to Respond (Dkt. 5); and

   (2) Plaintiff's Motion to Remand (Dkt. 6).

**(4)   Statement of Timeliness of Removal**

12.   The removed case, *Anthony Busto v. Professional Parking Management Corporation*, Case No. 2025-139947-SP-23, was filed on August 27, 2025. *See* Dkt. 1-2.

13.   On September 9, 2025, PPM accepted service of Busto's pleadings in the action. *See* Dkt. 1-3 [Acceptance and Waiver of Service of Process].

14.   This case was timely removed as the Notice of Removal (Dkt. 1 [Sept. 25, 2025]) was filed within 30 days of PPM's acceptance of service of process in the state court action. *See* 28 U.S.C. § 1446(a).

15.   The Notice of Filing of Notice of Removal was promptly filed, on September 25, 2025. *See* Notice of Filing of Notice of Removal, in *Anthony Busto v. Professional Parking Management Corporation*, Case No. 2025-139947-SP-23 (Fla. 11th Cir. Cty. Ct.), for which a true and correct copy is attached hereto as Exhibit A.[1]

Dated: October 10, 2025

Respectfully Submitted,

*/s/ Colleen Smeryage*
Colleen Smeryage, Esq.
Florida Bar No. 100023
**FREEDMAN NORMAND FRIEDLAND LLP**
One SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 924-2900
Fax: (646) 392-8842
Email: csmeryage@fnf.law

---

[1] As of the filing of this Removal Status Report and Exhibit A hereto, copies of all records in the Florida state court proceeding have been filed in this action.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of Court via the CM/ECF system, which will send Notice of such filing to all counsel of record.

*/s/ Colleen Smeryage*
Colleen Smeryage, Esq.